THE TRUSTEES FOR THE SUPPORT OF PUBLIC SCHOOLS, PROSECUTOR, v. VINCENT J. MURPHY, RECEIVER OF TAXES OF THE CITY OF NEWARK, DEFENDANT.

VINCENT J. MURPHY, RECEIVER OF TAXES OF THE CITY OF NEWARK, PROSECUTOR, v. ESSEX COUNTY BOARD OF TAXATION AND THE TRUSTEES FOR THE SUPPORT OF PUBLIC SCHOOLS, DEFENDANTS.

Submitted May 4, 1943—Decided August 16, 1943.

Before Justices CASE, DONGES and PORTER.

For the Trustees for the Support of Public Schools, *David T. Wilentz.*

For Vincent J. Murphy, Receiver of Taxes, *Raymond Schroeder* and *Joseph A. Ward.*

The opinion of the court was delivered by

DONGES, J. Two writs of *certiorari* were allowed to have determined a single question, namely, whether certain real estate in the City of Newark, owned by the Trustees for the Support of Public Schools, is subject to taxation by the municipality. One writ issued out by the Trustees to have determined the validity of assessments for taxation of said property for the years 1935, 1936, 1937, 1941, 1942 and 1943. The claim of the city that the property is subject to taxation is based on *R. S.* 54:4–3.3, which sets forth certain classes of property which are exempt from taxation, and then provides: "But this exemption shall not include real prop-

erty bought in for debts or on foreclosure of mortgages given to secure loans out of public funds or out of money in court, which property shall be taxed unless devoted to public uses."

The other writ is sued out by the municipality to review a determination of the Essex County Board of Taxation dismissing the municipality's petition that said property omitted from the tax rolls of the City of Newark for the year 1940 be added to said rolls.

It is stipulated by the parties that on March 23d, 1868, Joseph L. Hewes and John M. Phillips executed a mortgage to the Commissioners of the Sinking Fund of New Jersey for $25,000; on January 25th, 1869, another mortgage was executed by said parties to said Commissioners for $15,000; that on May 12th, 1903, the State Treasurer, who was vested with the powers of the Commissioners (*Pamph. L.* 1891, *p.* 136), assigned the two mortgages to the Trustees for the Support of Public Schools (*Pamph. L.* 1903, *pp.* 60, 366); after default, the mortgages were foreclosed, and by deed dated August 12th, 1935, the sheriff of Essex County conveyed said property to said Trustees, who continue to own same.

This case is in all essential respects similar to *State* v. *Rutherford,* 98 *N. J. L.* 465, where Mr. Justice Swayze, speaking for the Court of Errors and Appeals, said: "The substantial claim on the part of the prosecutor is that under the constitution, article 4, section 7, paragraph 6, the property of the trustees for public schools is not subject to local taxes."

That paragraph of the constitution reads as follows:

"The fund for the support of free schools, and all money, stock and other property, which may hereafter be appropriated for that purpose, or received into the treasury under the provision of any law heretofore passed to augment the said fund, shall be securely invested, and remain a perpetual fund; and the income thereof, except so much as it may be judged expedient to apply to an increase of the capital, shall be annually appropriated to the support of public free schools, for the equal benefit of all the people of the state; and it shall not be competent for the legislature to borrow, appropriate or use the said fund or any part thereof, for any other purpose, under any pretense whatever. The legislature shall

provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in this state between the ages of five and eighteen years."

After discussing this constitutional provision and the legislation herein relied upon by the respective parties, and the effect of *Trustees of Public Schools* v. *City of Trenton*, 30 *N. J. Eq.* 667, Mr. Justice Swayze went on to say, in *State* v. *Rutherford, supra:*

"That language makes it plain that the income cannot be used for the payment of local taxes to the municipality in which any of the real estate of the school fund may lie. The income can never be spent except for an increase of capital or the support of public schools for the equal benefit of all the people of the state. Nor can it be said that the payment of local taxes is no more than the payment of a necessary charge upon the property of the school fund. Local taxes are not a necessary charge upon property of the state. * * *

"The fact that recent legislation subjects to taxation property acquired by certain state boards through foreclosure is not to the point since those boards are not protected by the constitution. The exemption of the school fund rests not on the character of the property or the source of the title but on the character of the fund itself and the purpose to which it is devoted. Exemption from taxation is to be justified by the fact that the equal benefit of all the people of the state is thus most readily secured, while local taxes at best benefit only citizens of the particular municipality. Schools are recognized as legitimate subjects of exemption, and free schools are recognized as legitimate subjects of constitutional protection."

We conclude that *State* v. *Rutherford, supra,* controls and that the property of the Trustees for the Support of Public Schools herein involved is exempt from taxation by the City of Newark. The assessments for the several years, as stated herein, are set aside, and the writ of *certiorari* allowed to the City of Newark to review the determination of the Essex County Board of Taxation is dismissed, with costs.