NORBET CORPORATION, A NEW JERSEY CORPORATION, PROSECUTOR, v. CITY OF NEWARK ET AL., RESPONDENTS.

Argued January 23, 1947—Decided March 4, 1947.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Frederick C. Vonhof.*

For the respondents, *Thomas L. Parsonnet (Vincent J. Casale,* of counsel).

The opinion of the court was delivered by

WACHENFELD, J. The sole question presented by this writ is the validity of an assessment made by the taxing district of the City of Newark for the period from May 1st, 1946, to December 31st, 1946, against land and buildings located at 2-20 Orange Street and known as Lot 1, Block 11, in the name of Charles Fischer. It is stipulated that prosecutor and Charles Fischer are the same and no point is made that the property was incorrectly assessed to the latter.

The prosecutor is the vendee under an executory contract for the sale of the property and has been in possession and taking rents therefrom since December 14th, 1937. The legal owner of the property and the vendor under the contract are the Trustees for the Support of Public Schools of the State of New Jersey, who had been tax exempt. *Trustees for the*

*Support of Public Schools* v. *Murphy*, 130 *N. J. L.* 434. The terms of the contract provide for payment over a period of six years with title closing on October 2d, 1943, which has been delayed by a bill to quiet title and unsuccessful attempts prior to 1946 by the City of Newark to assess the prosecutor as equitable owner. The present assessment was made under and by virtue of *R. S.* 54:4–1 as amended by chapter 242, laws of 1946, expressly effective May 1st, 1946, which provides:

"An executory contract for the sale of land, under which the vendee is entitled to or does take possession thereof, shall be deemed, for the purpose of this act, a mortgage of said land for the unpaid balance of purchase price."

This amendatory provision was enacted for the purpose of taxation of properties purchased on long-term contracts from the federal government so that municipalities may not be deprived of their opportunity to secure legitimate tax revenues and in order that competing businesses are not placed at an unfair disadvantage.

The prosecutor does not seek shelter under the prior tax immunity of the Trustees but contends that under the executory contract for the purchase of the property it has no taxable interest, relying mainly on *A. B. R. Corp.* v. *Newark,* 131 *N. J. L.* 147; *affirmed,* 133 *Id.* 34. That case, however, is inapplicable since the court did not have before it a statute which expressly made taxable a vendee's interest under a contract to buy realty. There the court decided that the controlling statute did not cover equitable interests of this type.

The question now presented is whether the statute as amended is within the power of the legislature. The amendment, it must be noted, only applies to vendees in possession. Such interest is not merely fictional but substantial. Possession includes enjoyment of all the services provided by the city, such as fire and police protection, water service, usage of streets, &c. The right to recover damages for trespass is available; losses due to fire, the elements or deterioration must be suffered. The interest of the vendee is one which passes by inheritance. To deny the state power to tax such interest

in land can only be justified on a distinction between legal and equitable ownership and not on economic realities. The latter cannot be disregarded in a taxing structure.

In *New Brunswick* v. *United States, 276 U. S.* 547; 48 *Sup. Ct.* 371, the court upheld the tax sale for an assessment against the vendee of real property, saying:

"We see no reason, however, if the New Jersey law permits, why the city may not assess taxes against the purchasers upon the entire value of the lots and enforce collection thereof by sale of their interest in the property. * * *

"We conclude that, although the city should not be enjoined from collecting the taxes assessed to the purchasers by sales of their interests in the lots, as equitable owners, it should be enjoined from selling the lots for the collection of such taxes until all rights, liens, and interests in the lots, retained and held by the corporation as security for the unpaid purchase moneys, are expressly excluded from such sales, and they are made by express terms, subject to all such prior rights, liens, and interests. This, we think, will meet the equities of the case as between the corporation and the city, and fully protect the paramount right of the United States."

The statutory provision herein concerned is not unique. In fact, it is an exact copy of the statute upheld in *S. R. A., Inc.,* v. *Minnesota,* 213 *Minn.* 487; 7 *N. W. Rep.* (2d) 484. On appeal to the United States Supreme Court, *S. R. A., Inc.,* v. *Minnesota,* 327 *U. S.* 558; 66 *Sup. Ct.* 749, the court upheld the state's power to tax a vendee's interest, saying:

"This court has been of the opinion that contracts for the sale of land transfer to the purchaser the equity in the land. We think this contract did so. That equity is realty. It was owned by the vendee. The United States retains only a legal title as security. In substance it is in the position of a mortgagee. Minnesota has the same rule. *In re Petition of S. R. A., Inc.,* 219 *Minn.* 493, 507; 18 *N. W. Rep.* (2d) 442; *Id.,* 213 *Minn.* 487, 495, 499; 7 *N. W. Rep.* (2d) 484. Therefore, when petitioner entered into possession of this real estate under its contract of purchase, the taxed property by the transfer became subject to the territorial jurisdiction of Minnesota. * * * Where beneficial interest has passed to a ven-

dee, the retention of legal title does not give a significant difference from the situation of a deed with a lien retained or a mortgage back to secure the purchase money. * * * The whole equitable ownership is in the petitioner and the value of that ownership may be ascertained on the basis of the full value of the land."

We think that the aforementioned decisions are dispositive of the questions presented. The fact that no notice was given by the city of the added assessment was because the assessment came into being by virtue of the laws of 1946. The provisions of *R. S.* 54:3–20 relevant to the procedure to be followed in cases of assessment of omitted property are therefore not applicable. The assessment made by the city is proper and valid and will not be disturbed.

Writ dismissed.