On appeal by the City of Newark, the Division of Tax Appeals restored an assessment of $77,200 on certain property in Newark. The only question argued is whether the Division of Tax Appeals had jurisdiction to hear the appeal. Its jurisdiction depends upon whether the appeal to the Division of Tax Appeals by the City of Newark, from the judgment of the Essex County Board of Taxation, was filed within time.
The actual assessment levied for the year 1947 against the property in question was $77,200. In July, 1947, the present appellant filed a petition of appeal with the Essex County Board of Taxation, alleging that the property in question was assessed for the year 1947 at $79,200, and asking that the assessment be reduced by $79,200 so that there would be no assessment against the property. The reason given in the statement attached to this petition was that the property on the assessing date, October 1, 1946, was owned by the Trustees for the Support of Public Schools, and was exempt from taxation, and that the petitioners were only the holders of an executory contract to purchase the property. For prior litigation concerning the taxability of this property see Trustees, etc., of Public Schools v. Murphy,130 N.J.L. 434 (Sup. Ct. 1943); Norbet Corp. v. Newark,135 N.J.L. 314 (Sup. Ct. 1947); affirmed, O.B., 137 N.J.L. 301
(E. A. 1948).
The County Board, on October 30, 1947, granted the petition and filed a certificate of judgment, which reduced the assessment against this property for the year 1947 by $79,200. Thereafter, on November 14, 1947, the County Board, without any amendment of the petition of appeal and without notice or hearing, filed a corrected certificate of judgment, which reduced the assessment for the year 1947 by $77,200, an amount which coincided with the actual assessment. On December 8, 1947, Newark filed with the Division of Tax Appeals an appeal from the November 14, 1947, judgment of *Page 502 
the Essex County Board of Taxation which granted a reduction of $77,200.
R.S. 54:2-39, in pertinent part, provides that an appeal to the Division of Tax Appeals from a judgment of the County Board shall be filed with the Division "* * * within one month from the date on which the county board of taxation shall have published the entry of judgment * * *."
The appellant argues (1) that the original judgment of October 30, 1947, remained in full force and effect and that the corrected judgment of November 14, 1947, merely corrected or amended a clerical error or mistake in the judgment of October 30, 1947, and gave no extension of time for appeal from the judgment of October 30, 1947, and (2) if the corrected judgment of November 14, 1947, did more than correct or amend a clerical error or mistake, it is a nullity, because it was entered without notice or hearing. In either case, the argument proceeds, October 30, 1947, is the date from which the time for appeal ran, and consequently Newark's appeal was not filed within time.
The judgment of November 14, 1947, did more than correct or amend an error or mistake of the County Board or its employees. Appellant's petition to the County Board alleged an assessment of $79,200 for 1947; asked for a reduction of $79,200; and the County Board, by its judgment of October 30, 1947, granted this petition and gave a reduction of $79,200. Here, the appellant made the error and not the County Board, and the judgment of the County Board of October 30, 1947, under these circumstances, was in excess of its jurisdiction and therefore a nullity. A County Board of Taxation has no jurisdiction to grant a reduction which exceeds the amount of the actual assessment. The judgment of October 30, 1947, being a nullity, the only judgment which might have efficacy is the corrected judgment of November 14, 1947, which, on its face, did not exceed the jurisdiction of the County Board. Newark's appeal to the Division of Tax Appeals was taken from this judgment of November 14, 1947, and was taken within one month of the date of publication of this judgment, and, therefore, was taken within time.
The judgment under appeal is affirmed. *Page 503